IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| SCOTT PAPER LTD. | ) | |
|            Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. AMD 02 CV 1980 |
| AGM ALTERNATIVES, INC. | ) ) ) | |
|            Defendant | ) | |

FINAL JUDGMENT ON CONSENT

All matters in this civil action having been settled, and this action being in condition for entry of Final Judgment, it is

ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (b), 1338(a) and (b), and 1367(a).

2. Plaintiff, Scott Paper Ltd., is the owner of and has the exclusive right to use the distinctive and famous trade dress comprised of the image of a baby in a forward-leaning position and behind a banner, all of which is superimposed upon a distinctive blue and white background depicting sky and clouds, as illustrated by Exhibit A to the complaint (hereinafter "White Cloud Trade Dress") in connection with toilet tissue in the State of Maryland and interstate commerce.

3. The White Cloud Trade Dress has become well and favorably known to the public as a distinctive and famous indication of origin of Plaintiff's toilet tissue and as such is valid trade dress, subsisting and enforceable.

4. Defendant has used the trade dress illustrated in Exhibits B and C to the complaint ("Defendant's Trade Dress"), in connection with toilet tissue.

    5.    Defendant and each of his agents, employees, servants, successors and assigns, and all others in privity or acting in concert therewith, are hereby permanently enjoined, effective August 1, 2003, from:

    (a)    Using Defendant's Trade Dress and/or any other trade dress and/or commercial image or identification confusingly similar to the White Cloud Trade Dress; and

    (b)    Otherwise infringing or diluting the distinctiveness of the White Cloud Trade Dress.

    6.    All claims pleaded by Plaintiff against Defendant other than the claim for injunctive relief granted by ¶ 5 of this Final Judgment and all counterclaims which Defendant, as a matter of right, could have pleaded against Plaintiff, are hereby dismissed with prejudice with each party to bear its own costs and attorneys' fees.

    7.    This Final Judgment shall be binding upon Plaintiff and Defendant and each of their respective officers, agents, servants, employees, attorneys, and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice thereof by personal service or otherwise.

    8.    The Court shall retain jurisdiction of this civil action and the parties to resolve any issues arising of any claim of violation of or noncompliance with this Final Judgment and/or the Agreement between the parties in settlement of this civil action.

DONE AND ORDERED at Baltimore, Maryland, this 30th day of April, 2003.

/s/ Andre M. Davis
_____
United States District Judge

Plaintiff and Defendant, through their respective undersigned counsel, hereby consent to the entry of the foregoing Final Judgment and waive any and all rights of appeal.

| SCOTT PAPER LTD. | AGM ALTERNATIVES, INC. |
|---|---|
| By: _____<br>David J. Cynamon (#05620)<br>Alan S. Cooper<br>Nancy S. Lapidus<br>Jonathan W. Gannon (#15415)<br>Shaw Pittman LLP<br>2300 N Street, N.W.<br>Washington, D.C. 20037<br>(202) 663-8000 | By: _____<br>Craig M. Schwartz (#05676)<br>Freeman, Wolfe & Greenbaum, P.A.<br>409 Washington Avenue, Suite 300<br>Towson, Maryland 21204<br>(410) 321-8400 |